# EXHIBIT F



September 15, 2021

**Via Email Only**

Mr. Freddy M. Bensch, Individually
c/o Amanda G. Hyland, Esq.
Taylor English Duma LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
ahyland@taylorenglish.com

>    *Re: Demand for Return of the Converted "Fuss Intellectual Property"*

Dear Mr. Bensch, individually, c/o Ms. Amanda Hyland,

Demand is hereby made that Mr. Bensch, individually, return the Fuss Intellectual Property in the manner specified herein which requires categorical words and actions without delay. The Fuss Intellectual Property includes all rights and privileges of ownership, including moral rights, in and to the copyrighted works (that is, that work reflected in the registrations VAU1-326-605 and VA2-084-616 for the "Trout banner" and the "SweetWater leaping rainbow trout", as well as in the 2002 Agreement between Mr. Fuss and Mr. Bensch, except for the Tap Handle intellectual property that was already signed and assigned to SweetWater in 2003, which, obviously already belongs to SweetWater, and, now, Tilray or its subsidiary), and all rights of Mr. Fuss as owner of property at common-law that are incidental to ownership of the copyrighted works and underlying artwork related thereto.

This demand allows Mr. Bensch to return Mr. Fuss the benefits of ownership of said property which, as it relates to this matter, includes a return to the parties' respective positions vis-à-vis each other before said closing.  Mr. Fuss hereby specifically demands that Mr. Bensh do each and all of the following acts so as to return this intellectual property wrongfully converted in the closing with Aphria:

1.  Mr. Bensch shall sign, with a blue ink pen (not electronically), the enclosed Affidavit of Disavowal, Revocation, and Renunciation  document (the "Disavowal") in front of a notary who is authorized to notarize in the state of signature, which notary shall then in fact notarize the document, and said signature and notary being affixed to the Disavowal on or before 12:00 noon, Eastern Time, Friday, September 17, 2021;

2.  Mr. Bensch shall sign, with a blue ink pen (not electronically), the enclosed Trust Agreement and Consent to Declaratory Judgment Action ("Trust Agreement and Consent"), in front of a notary who is authorized to notarize in the state of signature, which notary shall then in fact notarize the document, and said signature and notary being affixed to the Trust Agreement and Consent on or before 12:00 noon, Eastern Time, Friday, September 17, 2021;

September 15, 2021
P a g e | **2**

3. Mr. Bensch shall send via email a color pdf version of the fully-executed Disavowal and the fully-executed Trust Agreement and Consent to me, at blaine@NorrisInjuryLaw.com, no later than 1:30 PM, Eastern Time, Friday, September 17, 2021;

4. Mr. Bensch shall mail the original blue ink notarized copies of the fully executed notarized Disavowal and the Trust Agreement and Consent to me, using Federal Express or UPS Overnight mail, so I receive in hand said document no later than 1:30 PM, Eastern Time, Monday, September 20, 2021;

5. Mr. Bensch shall deliver or cause to be delivered a copy of the fully-executed Disavowal and Trust Agreement and Consent to:
   a. SW Brewing Company, LLC's registered agent or executive officer (other than to Freddy Bensch), by email as a pdf by 5:00 PM, Friday, September 17, 2021, with a copy by email to me of the transmittal or receipt showing same to SW Brewing Company, LLC's registered agent or executive officer; and
   b. Tilray's entire board of Directors, and its CEO, by email as a pdf by 5:00 PM, Friday, September 17, 2021, with a copy by email to me of the transmittal or receipt showing same to Tilray's entire board of Directors, and its CEO;    and

6. Bensch shall fully comply with, and take only actions in relation hereto and in the declaratory judgment action that are consistent with and in furtherance of the Disavowal and the Trust Agreement and Consent, including, without limitation, only contesting the issue of value in the declaratory judgment action, and funding and maintaining and providing notice to undersigned counsel of the funding of the Trust Account or CD in Trust.

This demand for the return requires the abandonment of Mr. Bensch of his continued wrongful denial of Mr. Fuss's rights. The benefits are significant to him and others. Bensch's failure to accept and comply with each and all of the conditions of this demand for return of the Fuss Intellectual Property shall be deemed a refusal of this demand.  Sincerely,

BLAINE A. NORRIS, PC

Blaine A. Norris
Attorney for Ray Scott Fuss

Encl. (Affidavit of Disavowal; Trust Agreement and Consent)



## TRUST AGREEMENT AND
## CONSENT TO DECLARATORY JUDGMENT ACTION

I, Fredrick "Freddy" M. Bensch ("Bensch"), for and in consideration of $10.00, to be paid by check from Blaine A. Norris, PC, for and on behalf of Ray Scott Fuss within 48 hours of Blaine A. Norris of Blaine A. Norris, PC receiving a pdf of the fully-executed, notarized version of this document from me, and in my expectation and right of the consideration to be obtained by the grant of a temporary license from Ray Scott Fuss ("Fuss"), and upon my execution of the Disavowal, Revocation, and Renunciation accompanying this document, and upon my funding of the USD 31,000,000.00 hereunder, hereby warrant, represent, covenant, and agree to the following terms and conditions and to perform the actions set forth herein:

1. I agree to, and so have contemporaneously herewith, signed the Affidavit of Disavowal, Revocation, and Renunciation, and I understand that said Affidavit of Disavowal, Revocation, and Renunciation is to be read, and considered, *in pari materia* with this document. I recognize and acknowledge Fuss's rightful claim of ownership, and I consent to said claims attaching to the funds set aside, and to be held in trust, pursuant to the next paragraph.

2. I consent to creating and funding, in trust, and I shall create and fund, in trust, USD 31,000,000.00, either by deposit of USD 31,000,000.00 into an interest bearing account ("Trust Account") or by purchase of a Certificate of Deposit bearing interest to be held in trust ("CD In Trust") in the amount of USD 31,000,000.00, such Trust Account or CD In Trust to be opened in, or purchased from, a National Bank with branches within the city of Atlanta, Georgia and, further, I consent to and promise to maintain same at the level of USD 31,000,000.00, plus interest accruing thereon, for the benefit of Mr. Ray Scott Fuss, in trust. Said Trust Account or CD In Trust shall be for the purpose of, and conditioned

on, Fuss filing a declaratory judgment action in the Superior Court of Fulton County, Georgia ("Declaratory Judgment Action").  With regards to said declaratory judgment action, I hereby consent and promise that I will acknowledge service of process, venue, jurisdiction, standing, and ripeness of a suit and controversy justifying a judicial declaration, namely, as to the value, as determined by a jury as the finder of fact, as to the value of the Fuss Intellectual Property, such value of the Fuss Intellectual Property to be determined as a category and component of Intellectual Property within the USD 300,000,000.00 Enterprise Value, of the Purchase Price, and, more particularly, as a portion of the USD 92,000,000.00 allocated to Intellectual Property in that certain Agreement of Merger and Acquisition between SweetWater and Aphria, et al, to be paid to Fuss as the owner of the Fuss Intellectual Property (which fact shall not be disputed). Further to the above, I hereby agree that in no event shall the value of the Fuss Intellectual Property be asserted or claimed or required to be paid in an amount greater than the USD 31,000,000.00, plus accrued interest.  The said USD 31,000,000.00 shall be deposited, set aside, and held in trust and used to pay Fuss for the value of the Fuss Intellectual Property and to satisfy any verdict and decree based thereon as to the Fuss Intellectual Property.  I further agree that the value of the Fuss Intellectual Property shall be determined as if Ray Scott Fuss in relation to the Fuss Intellectual Property had provided a written agreement containing (A) a present, affirmative assignment of all Intellectual Property developed by Ray Scott Fuss of his rights in such Fuss Intellectual Property to the Company, which was purported to be Company Intellectual Property, and containing a waiver of all moral rights therein, and (B) a confidentiality provision protecting the Trade Secrets and other confidential information of the Company or a Subsidiary.  Moreover, I further agree that

the value of the Fuss Intellectual Property shall be determined as if it had been true that Company had actually been lawfully allowed to transfer same based on a written agreement signed by Ray Scott Fuss on or before November 25, 2020, and effective as of November 4, 2020, containing a present, affirmative assignment by Ray Scott Fuss for the Fuss Intellectual Property to Mr. Bensch and/or the Company,

3. As part of the Declaratory Judgment Action in Fulton County Superior Court, I consent to the parties filing with the Court a copy of the Demand for Return, acceptance of the Demand for Return, the executed Affidavit of Disavowal, Revocation, and Renunciation, and this Irrevocable Trust Agreement and Consent to Declaratory Judgment Action, as well as the proof of trust funds being deposited, and same shall be a matter of public records. Further, the Trust Account or CD In Trust, wherein the USD 31,000,000.00 is deposited or paid, shall note the civil action case number and case name thereon, and state on the face of the account that it is restricted and held in trust pending the outcome of the case and, once created, there shall be no transfers out of the Trust Account or from the CD In Trust and, further, I promise that the Trust Account or the CD In Trust shall not be encroached upon, transferred, depleted, withdrawn from, or used as collateral (directly or indirectly) or otherwise be subject to any collateralization of any debt by any party, whether through direct encumbrance or any dragnet clause or other approach. The Trust Account or CD In Trust shall be held "free and clear" of all liens and encumbrances, other than the terms of this Agreement and the trust imposed thereon by this Agreement.

4. Nothing in signing this Irrevocable Trust Agreement and Consent to Declaratory Judgment Action, or in agreeing to hold, or holding of, the USD 31,000,000.00 pursuant hereto shall

constitute an admission, express or implied, by Bensch as to the value of the Fuss Intellectual Property.

5.  I consent to the personal jurisdiction and venue of Superior Court of Fulton County Georgia for a declaratory judgment on the value of the Fuss Intellectual Property.  I acknowledge that Fuss has standing to bring said claim for declaratory judgment and that same is a ripe and justiciable case and controversy as to value. And, I agree that I shall be bound, upon verdict being reached by a jury, as to value, and same being entered of record, and made the order, judgment, verdict, decree of the Court, to irrevocably agree to pay over, and I shall pay over and cause to be paid over, and execute all such waivers and consent to cause to be paid over from the amount of the trust funds, plus interests thereon, but in no case in an amount more than USD 31,000,000.00 plus accrued interest, to Plaintiff and his legal counsel, without further demand, to satisfy the verdict and decree in the case.  In the event I appeal any verdict or order, judgment, or decree so entered, I agree to post bond in the amount equal to the principal and interest, as well as post sufficient additional monies in trust to cover post-judgment interest as provided by law.

6.  I agree to hold harmless any and all other Unitholders under the Agreement of Merger and Acquisition, for the claims by Fuss for the full value of the Fuss Intellectual Property, up to the USD 31,000,000.00, plus accrued interest, and any post-judgment interest, as determined by a jury, but not to exceed the USD 31,000,000.00 plus interest, and I agree and covenant that I will not attempt to seek contribution or raise as a defense or claim of contribution from other Unitholders as a defense to Fuss's right to said funds from trust. I agree and consent to resolving any matter between me and the Unitholders solely

between me and the Unitholders and they will not be joined in the Declaratory Judgment Action.

7. I dispute and disagree as to Plaintiff's contentions of value of the Fuss Intellectual Property; however, I agree that, because we cannot agree on same and because I understand that Tilray and its subsidiaries are currently using this intellectual property, a jury determination is needed to resolve this dispute. I acknowledge that some amount of funds received as a result of the closing of the Merger and Acquisition were associated with the Fuss Intellectual Property, and I consent to, upon that value being determined by the jury, having same paid over to Plaintiff. I affirm the Affidavit of Disavowal, Revocation, and Renunciation, and that Ray Scott Fuss is the owner of the Fuss Intellectual Property as set forth in the 2002 Agreement, and will not take (and stipulate that I will be legally and equitably estopped from taking) any action, pleading, defense, claim, or position in the case or to the jury that is hostile to or adversarial in any way to his claim of ownership in the Fuss Intellectual Property. I will only contest the value or issues related to the determination of value of the Fuss Intellectual Property. Nothing in the existence of fact of the temporary license granted hereunder shall be used to decrease the value, or be calculated by any witness or party in determining value, of the Fuss Intellectual Property. Rather, the valuation shall be performed without regard to the temporary license granted hereunder, if said temporary license is granted if any.

8. I understand that in return for my execution of the Affidavit of Disavowal, Revocation, and Renunciation, and this Trust Agreement, and upon my depositing and holding of USD 31,000,000.00 in trust as stated herein, , that, upon my singing of these conditions being fulfilled, Ray Scott Fuss shall sign the Temporary License attached hereto, same being

effective, nunc pro tunc, as of November 4, 2020, and reasonably promptly, and in no event later than December 31, 2021, Fuss shall file an action for declaratory judgment in Superior Court of Fulton Country, and in that event, I shall acknowledge service and process, consent to personal jurisdiction, subject matter jurisdiction, and a disputed case and controversy for determination of value of the Fuss Intellectual Property, and shall only contest value of same, and not his ownership of same.

9. Tilray and its subsidiaries, and all manufacturers, advertisers, marketers, distributors, retailers, and other persons and companies involved in the supply chain or sales and marketing of SweetWater beer or beer-related merchandise, are the intended third party beneficiaries of the temporary license that will be created and issued based on compliance with the terms of the Demand for Return, the fully-executed version of this document and compliance with same, the fully-executed version of the Disavowal, Revocation, and Renunciation.

10. Expiration and Void if Conditions not met: If this document is not signed, or if the Disavowal, Revocation, and Renunciation is not signed, as, when, and how required by the Demand for Return, this document shall be of no force and effect, and neither Blaine Norris nor Ray Scott Fuss shall have any obligation to sign same, or sign the Temporary License referred to herein. If Bensch signs this document and the Disavowal, Revocation, and Renunciation document, as, when, and how required by the Demand for Return, and if Bensch sets aside and deposits the USD 31,000,000 into the Trust Account or CD in Trust, as set forth herein, then this document shall be binding on Ray Scott Fuss, and he and Blaine Norris shall sign the a version of same; additionally, if and when Bensch meets all conditions, and funds the $31,000,000.00, Ray Scott Fuss shall execute the Temporary

License Agreement in the form attached hereto as Exhibit "1," and the Temporary License, that is Exhibit "A" to Exhibit "1."

11. I agree that fully -executed copy of this document, or a facsimile, electronic version, pdf, jpeg, or other electronic version of same, bearing the notarized signature of Freddy M. Bensch, and the signature of Ray Scott Fuss, which shall be added within 24 hours of Blaine Norris receiving a fully-executed copy of this document signed by Freddy Bensch, shall be deemed an original.  Moreover, the parties shall be able to create a conformed original by affixing or stapling or otherwise creating a single pdf or other paper version of same bearing the signatures of Freddy Bensch and Ray Scott Fuss, on the same page, or in counterpart, and same shall be deemed a conformed original and fully binding as such.

12. Upon the execution of the Affidavit of Disavowal, Revocation, and Renunciation, and compliance with the sending of copies to the persons and entities therein, and the execution of this Trust Agreement, and the funding of the USD 31,000,000.00 in Trust pursuant to this Agreement, Fuss and Bensch agree that Fuss shall not pursue or be entitled to seek punitive or exemplary damages from conduct of Bensch that took place at any time prior to the execution of this Agreement.

13. To the extent the verdict and judgment or decree thereon is for an amount less than USD 31,000,000.00, after the payment of accrued interest and payment of post judgment interest, the remaining unused funds shall belong, and be paid over to, Bensch after satisfaction of the verdict and judgment in full.

14. This Agreement is entered into in the State of Georgia and shall be construed in accordance with the laws of the State of Georgia.

**BY MY SIGNATURE BELOW, I HEREBY AGREE, ACCEPT, AND COVENANT, TO THE TERMS AND CONDITIONS SET FORTH ABOVE. THIS ___ DAY OF SEPTEMBER 2021.**

_____
Fredrick "Freddy" M. Bensch

Sworn to and subscribed before me
this ____ day of September, 2021.

_____
Notary Public

**BY MY SIGNATURE BELOW, I HEREBY AGREE, ACCEPT, AND COVENANT, TO THE TERMS AND CONDITIONS SET FORTH ABOVE. THIS ___ DAY OF SEPTEMBER 2021.**

_____
Ray Scott Fuss

Sworn to and subscribed before me
this ____ day of September, 2021.

_____
Notary Public

_____
Blaine A. Norris, as attorney for Ray Scott Fuss

**EXHIBIT 1**

**DRAFT OF FORM OF TEMPORARY LICENSE**

**Temporary License Agreement with Incorporated Temporary License to be Executed upon Conditions Being Satisfied**

Date:                    September 17, 2021
Re:                      Scott Fuss' Copyrighted Works (namely REGISTERED
                         COPYRIGHTS VAU1-326-605 and VA2-084-616 for that certain
                         "Trout banner" and the "SweetWater leaping rainbow trout") and
                         matters related thereto

**I.**     Conditions Precedent for Ray Scott Fuss signing the Temporary License attached hereto in blank form as Exhibit "A":  Scott Fuss shall sign the temporary license attached hereto as Exhibit A if and when the following express conditions precedent occur:

   **a.**   Fredrick "Freddy" M.  Bensch ("Bensch") shall sign, with a blue ink pen (not electronically) the attached Disavowal, Revocation, and Renunciation  document in front of a notary authorized to notarize in the state of signature, which notary shall notarize the document, on or before 12:00 noon, Eastern Time, Thursday, September 16, 2021;

   **b.**   Bensch or his counsel shall send via email a color copy of the pdf of the fully executed notarized Disavowal, Revocation, and Renunciation document to Blaine A. Norris, at blaine@NorrisInjuryLaw.com no later than 12:30 PM, Eastern Time, Thursday, September 16, 2021;

   **c.**   Bensch or his counsel shall mail the original blue ink notarized Disavowal, Revocation, and Renunciation to me at my physical address using Federal Express or UPS Overnight mail, priority delivery, such that same is received by Blaine A. Norris no later than 5:00 PM, Eastern Time, Friday, September 17, 2021, and provide tracking information to Blaine A. Norris for said letter;

   **d.**   Bensch or his counsel shall deliver a copy of the fully-executed Disavowal, Revocation, and Renunciation to SW Brewing Company, LLC's registered agent or executive officer (other than to Freddy Bensch), by email as a pdf by 5:00 PM, September 16, 2021, and Bensch or his counsel shall email a pdf copy of the transmittal   or   receipt   showing   same   to   Blaine   A.   Norris,   at blaine@NorrisInjuryLaw.com;

   **e.**   Bensch or his counsel shall deliver a copy of the fully-executed Disavowal, Revocation, and Renunciation Tilray's entire board of Directors, and its CEO, by email as a pdf by 5:00 PM, September 16, 2021, and email me a pdf copy of the transmittal   or   receipt   showing   same   to   Blaine   A.   Norris,   at blaine@NorrisInjuryLaw.com; and

   **f.**   Bensch shall sign before a notary the Trust Agreement and Consent to Declaratory Judgment Action.

g. Bensch shall show proof of his creating the account or CD pursuant to the Trust Agreement, funding it with $31,000,000.00, and having the account or CD notated as being restricted by the terms of the Trust Agreement.

II.   Terms of the License as contained on Exhibit "A."

**READ, UNDERSTOOD AND AGREED BY SIGNATURE BELOW:**

_____

Ray Scott Fuss

_____

Blaine A. Norris, as attorney for Ray Scott Fuss

**Exhibit A**

**Conditional Grant of <u>Temporary License</u> for Copyrighted Works
Based on Bensch Complying with the Demand for Return; Bensch signing the Disavowal,
Revocation, and Renunciation;  Bensch signing the Trust Agreement and Consent to
Declaratory Judgment Action; and Bensch funding, and showing proof of funding, of the
Trust in the amount of USD 31,000,000.00**

This Conditional Grant of Temporary License for Copyrighted Works (Temporary Agreement) is entered into by and between the LICENSOR, Ray Scott Fuss, and the LICENSEE, to include, Freddy Bensch, SW Brewing Company, LLC, Tilray, Inc., and their affiliates, parents, subsidiaries, suppliers, subcontractors, manufacturers, distributors, retailers, advertisers, merchandisers, marketers, website hosts, and other persons involved in the manufacture, sale, or distribution of  SweetWater Beer and beer-related merchandise;

WHEREAS LICENSOR, is the sole author and sole owner of US Copyright Registrations VAU1-326-605 and VA2-084-616 (namely that certain "Trout banner" and the "SweetWater leaping rainbow trout") and other works related thereto (the "COPYRIGHTED WORKS");

WHEREAS LICENSEE desires to obtain the grant of a temporary license to utilize the COPYRIGHTED WORKS and other non-registered rights related thereto and that are necessary to exploit the use of the COPYRIGHTED WORKS while the Fuss and Bensch litigate the claims in the declaratory judgment action to be filed in Fulton County Superior Court; and

WHEREAS the conditions sufficient for Ray Scott Fuss to sign this Temporary License, have occurred or been satisfied;

NOW, THEREFORE, in exchange for and in consideration of the mutual promises and covenants herein, in the *Demand for Return, the and in that Agreement to Mediate/Negotiate Copyright Matter Without Delay in Return, the Disavowal, Revocation, and Renunciation, and the Trust Agreement and Consent to Declaratory Judgment Action,* all documents to be read in pari materia with this Temporary License, with it being understood and agreed that the terms and conditions must be satisfied, occur or be fulfilled, as conditions precedent and/or subsequent to this grant, LICENSOR Fuss hereby agrees and grants a license as follows:

**1. Grant of License.** LICENSOR hereby grants to LICENSEE a temporary, non-exclusive license, non-assignable without the consent of the LICENSOR, to use the COPYRIGHTED WORKS of Scott Fuss for the **TERM** commencing November 4, 2020, through and including the entry of the final verdict in that certain Declaratory Judgment Action, to be filed by Ray Scott Fuss, and to which Bensch is and shall consent to venue and jurisdiction, and payment of the verdict and decree based thereon, within the **TERRITORY** of the world, subject to the restrictions, conditions and clauses included herein and included the Conditional Temporary License to which this Agreement is an exhibit and executed along with this Temporary Agreement. Only a fully-signed and executed version of this document shall have any authority to grant the license contained herein. No party or entity shall have any right to use or rely on an unexecuted document, or anything other than a fully-executed version of same.  In the event Bensch does not comply

with the conditions for the grant of this license, on or before the times set forth in the Demand for Return, dated September 15, 2021, this document shall be considered null and void, terminated and rescinded, and of no force an effect for any time period whatsoever.

**2.  Use of COPYRIGHTED WORKS.**  The this Temporary Agreement, the LICENSEE may utilize the COPYRIGHTED WORKS or derivatives there of in connection with any products, labeling, and bottling, and merchandise manufactured and bottled for sale during the TERM, as well as with tradenames, trademarks, advertising, promotion and other publications in connection with the ordinary business of LICENSEE.  Only a fully-signed and executed version of this Temporary Agreement shall have any authority to grant the license contained herein.  No party or entity shall have any right to use or rely on an unexecuted document, or anything other than a fully-executed version of this Temporary License.

**3. Recordation of Temporary License.**  LICENSOR will ensure that the fully executed Temporary License will be filed, recorded or registered with the United States Copyright Office within 10 business days of being executed.

**4.    Right to Sub-License Authorized Users.**  LICENSEE may grant sub-licenses relating to the use of the COPYRIGHTED WORKS to any entity who purchases or creates goods incorporating the COPYRIGHTED WORKS from or on behalf of the LICENSEE in the entity's role as a distributor, advertiser, promoter, marketer, bottler, manufacturer, packager, and/or retailer or other role necessary for conducting the normal business of the LICENSEE.

**5.    Assignment**  The LICENSEE cannot assign and will not attempt to assign or transfer any rights herein without the written consent of the LICENSOR, including any assignments or transfers which may occur as a matter of law through mergers, acquisitions or consolidations.  Any such assignment or attempted assignment will make this Temporary Agreement voidable by LICENSOR.

**6.    Termination.**  This Temporary Agreement may be immediately terminated at any time by the LICENSOR if the LICENSEE does not comply with the terms and conditions herein, takes positions in contradiction to the Affidavit of Disavowal, Revocation, and Renunciation,  takes actions inconsistent with the TRUST AGREEMENT AND CONSENT TO DECLARATORY JUDGMENT ACTION, fails to maintain, free and clear, the USD 31,000,000.00 funds or CD in Trust, and maintain that same is subject to and in trust for LICENSOR, or contests anything other that the value of the Fuss Intellectual Property within the judicial proceeding for the Declaratory Judgment Action. This Temporary License, if not terminated or expiring sooner, shall expire upon the conclusion of the judicial action by verdict and payment in full of the verdict and any final judgment or final decree based on that verdict, but in no event said payment exceeding USD 31,000,000.00, plus accrued interest, and post judgment interest, if any, or, upon the voluntary dismissal of the judicial action for declaratory judgment.

**7.   Notice**.  The Parties hereto should give notice in writing to the following:

Ray Scott Fuss
c/o Matthew T. Hoots
Smith Tempel
1055 Prince Ave.
Athens, GA 30606
Phone 706-338-6087,
email: mhoots@srtslaw.com

and to:

Blaine A. Norris, PC,
c/o Blaine Norris
1143 Prince Ave.
Athens, GA 30606.
Phone: 706-850-9400
email: blaine@NorrisInjuryLaw.com

**8.   Amendment**.  This Temporary Agreement can only be modified in a written instrument executed by both LICENSOR and LICENSEE.

**9.   Disclaimer of Partnership or Agency**.  LICENSEE acknowledges and understands that it is not acting as the LICENSOR's agent in any way whatsoever.

**10.   Governing Law**.  This Temporary Agreement shall be deemed entered into, and governed by the law of the State of Georgia, without regard to its choice of law rules.  It shall be effective upon signing, and the temporary license shall be effectual upon signing and the conditions being met.

**11.   Non-waiver**.  The LICENSOR's failure to terminate this Temporary Agreement upon the occurrence of an event, or failure of the occurrence of such an event, such as LICENSEE's breach of a material term of the Temporary Agreement, will not be considered to be a waiver and shall not prevent the LICENSOR from terminating the Temporary Agreement if the same or similar act occurs in the future. The failure of the conditions contained in the *Demand for Return, the Affidavit of Disavowal, Revocation, and Renunciation, and the Trust Agreement and Consent to Declaratory Judgment Action,* shall make this Temporary License to be of no force and effect, and null and void for any purpose whatsoever by these parties and any and all third parties.

LICENSOR:

_____

**Ray Scott Fuss**